UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
Michael Anthony Hains, ) Case No. 07-02205-TOM-13
)
Debtor. )

## *NOT INTENDED FOR PUBLICATION*

### ORDER GRANTING RELIEF FROM STAY, SUSTAINING OBJECTIONS TO CONFIRMATION AND DENYING CONFIRMATION

This matter came before the Court for hearing on July 26, 2007 on the Debtor's Objection to Claim Number 8 (the "Objection to Claim") of Ford Motor Credit Company ("Ford") (doc. no. 30), Ford's Motion for Relief from Stay (the "Motion for Relief") (doc. no. 39), confirmation of the Debtor's Amended Chapter 13 Plan (doc. no. 50), Ford's Objection to Confirmation (the "Ford Objection") (doc. no. 46) and the Trustee's Objection to Confirmation of Plan, Motion to Dismiss Case for Failure to File Documents under section 521(I), and Motion to Dismiss, as amended (the "Trustee Objection") (doc. no. 36). This Court has jurisdiction under 28 U.S.C. § 1334(b). Appearing at the hearing were the Debtor, counsel for the Debtor, counsel for Ford, and the Trustee. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has considered the pleadings and the law and finds and concludes as follows[1].

### FINDINGS OF FACT

The Debtor filed a chapter 13 petition on May 16, 2007. At the time of filing, the Debtor listed three vehicles, a 1994 Ford Ranger owned free and clear, a 2003 Chrysler PT Cruiser and a

---

[1]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

2005 Ford Mustang. In the Debtor's schedules, the Debtor lists a debt of $29,832.08 to Ford secured by a 2005 Ford Mustang (the "Vehicle"). Schedule D reflects that of the $29,832.08 debt, $10,182.08 is unsecured, valuing the Vehicle at $19,650.00. Schedule D further reflects that the Vehicle is to be "surrendered in full satisfaction of debt." Contemporaneous with the filing, the Debtor filed a chapter 13 plan (the "Plan") (doc. no. 8) proposing again to surrender the Vehicle in full satisfaction of the debt to Ford while retaining the other two vehicles.

On June 5, 2007, Ford filed a secured claim, Claim #8-1 secured by the Vehicle in the amount of $29,808.03. The claim shows that the debt was incurred on August 3, 2005, less than 23 months before the petition was filed.

On June 18, 2007, the Debtor filed an Objection to Claim (doc. no. 30) objecting to Claim #8-1 filed by Ford. Ford filed an amended claim, Claim #8-2 (the "Amended Claim"), on June 19, 2007. The only difference between Claim #8-1 and Claim #8-2 appears to be that the claim, for $29,808.03, was amended from fully secured to fully unsecured[2]. Presumably this is based on the post-petition surrender of the Vehicle, which neither party disputes.

On June 22, 2007, the Trustee filed an Objection and Motion to Dismiss (doc. no. 36); however, his objection dealt with certain Plan ambiguities with respect to the Vehicle and total

---

[2] Neither claim was completed correctly. Claim #8-1 does not indicate the basis of the claim (box #1), the secured claim box is not checked (box #5), the description of the collateral, motor vehicle, box is not checked and the amount of arrearage is not included. Claim #8-1 appears to be a secured claim based on the listing of the 2005 Ford Mustang, the attached note and the fact that the amount of claim is listed on the secured line (box #4). Claim #8-2 is likewise deficient in that the claim does not indicate that it amends or replaces a previously filed claim and now lists the full value of the claim, $29,808.03, as the amount of arrearage and other charges at the time the case was filed even though the claim is now an unsecured claim.

payments required[3] and did not object specifically to the Debtor's proposal to surrender the Vehicle in full satisfaction of the debt.

On July 5, 2007, Ford filed a Motion for Relief (doc. no. 39) and, on July 20, 2007, filed an Objection to Confirmation (the "Ford Objection") (doc. no. 46) objecting to the Debtor's proposed surrender in full satisfaction arguing that Ford should be allowed to amend its claim to an unsecured claim for any resulting deficiency.

On July 24, 2007, the Debtor filed an Amended Chapter 13 Plan (the "Amended Plan") (doc. no. 50), an amended Objection to Claim (the "Amended Objection to Claim") (doc. no. 48, as further amended by doc. no. 49) to Ford's Amended Claim, an Answer to the Trustee's Objection (doc. no. 51), and an Answer to Ford's Objection (doc. no. 52). The Amended Plan clarifies that the Vehicle is to be surrendered to Ford in full satisfaction of the debt but otherwise does not change the treatment of Ford in any way. All the pending matters were set for hearing on July 26, 2007 (the "Confirmation Hearing") with the exception of the Amended Objection to Claim which was set for hearing on September 6, 2007 to provide sufficient notice.

At the Confirmation Hearing, the Debtor testified that he purchased the Vehicle in August 2005 from Friendly Ford in Las Vegas, Nevada, where he was working at the time. The Debtor testified that the contract calls for payments over a five year period at $784.00 per month[4]. The Debtor further testified that he has worked for the Veterans Administration for eleven years and was transferred to Birmingham approximately eight months ago.

---

[3] The Trustee's objection asserts that while the Plan proposes to surrender the Vehicle it does not indicate to which creditor. Because the Trustee did not know which creditor the Vehicle would be surrendered to, the objection further asserts that the proposed Plan payments are insufficient to pay the claim of Ford.

[4] The contract attached to the Amended Claim shows monthly payments of $747.51.

The Debtor testified that he separated from his wife and because of the separation his household income is less than it was in Nevada, when the parties were still residing together. He also testified that although they are not divorced they have been separated for over six months and his estranged spouse maintains a separate residence and does not contribute to his household expenses. This change in circumstances, according to the Debtor, affects the Debtor's ability to pay his bills, including the monthly payment on the Vehicle.

The Debtor testified, consistent with the Plan, that it was his intention to retain both the 1994 Ford Ranger and the 2003 Chrysler PT Cruiser but that he could no longer afford the payments on the 2005 Ford Mustang and that, post-confirmation, he surrendered the Vehicle to Jim Skinner Ford in Centerpoint, Alabama.

Ford argued that the Motion for Relief was due to be granted because the Vehicle was now in the hands of a third-party and was uninsured. Further, counsel for the Debtor stated that the Debtor had no opposition to the Motion for Relief. The Debtor testified that he insured the Vehicle with Geico and had not cancelled the policy since surrendering it. When asked on cross-examination as to whether, post-surrender, the Debtor spoke with Geico to see if (1) he still had an insurable interest, given the surrender, and (2) the policy was still in effect, the Debtor testified that he had not inquired on either issue and further testified that he had no proof of insurance with him at the Confirmation Hearing. Following the Confirmation Hearing, on August 3, 2007, the Debtor filed "Proof of Insurance"[5] (doc. no. 59) with a "Verification of Coverage" letter from Geico attached to the pleading. The Verification of Coverage letter, issued on August 1, 2007, shows that the Debtor, and his estranged wife, took out the policy on

---

[5]The pleading also states that the Vehicle was surrendered on June 19, 2007, the day Ford amended its claim from secured to unsecured, and a mere seven days after taking out the Geico policy.

June 12, 2007, post-confirmation, with an expiration date of December 12, 2007 and that the policy is still in effect.

## CONCLUSIONS OF LAW

**I.     Objection to Claim**

Since filing the Objection to Claim, Ford filed an Amended Claim and the Debtor filed an Amended Objection to Claim. The Amended Claim, Claim #8-2, amends and replaces Claim #8-1. Accordingly, the Objection to Claim is now moot. The Amended Objection to Claim will be heard, as noticed, on September 6, 2007.

**II.    Motion for Relief from Stay**

Section 362(d)(2) provides that, upon request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay if the debtor does not have any equity in the property and the property is not necessary to an effective reorganization. In the Debtor's schedules, the Debtor lists the Vehicle's value at $19,650 with a total debt owed to Ford of $29,832.08[6]. The Debtor, by his own admission, has no equity in the Vehicle. Further, at the Confirmation Hearing, the Debtor testified that he surrendered the Vehicle post-petition. The Debtor further testified that he could not make the payments on Ford's Claim, as filed[7]. Having surrendered the Vehicle voluntarily, while retaining two other vehicles[8], the Vehicle clearly is not necessary to an effective reorganization. Therefore, the Court finds that the Motion for

---

[6] The fact summary sheet filed in support of the Motion for Relief lists the total debt at $30,091.16 as of June 4, 2006. Regardless of which figure is used, the outcome does not change.

[7] The Debtor testified that, based on an estimation of his income, he could afford, at most to pay $400 per month on the Vehicle not the $784 per month called for in the contract.

[8] The Debtor testified that he drives the 1994 Ford Ranger and his estranged wife drives the 2003 Chrysler PT Cruiser. The Debtor is proposing to make payments on the Chrysler PT Cruiser, even though he is not in possession of the vehicle and does not use it, because both parties signed the note.

Relief is due to be granted. Because Ford is entitled to relief from stay due based on section 362(d)(2), the Court need not address whether Ford is adequately protected[9].

### III. Surrender in Full Satisfaction Not Permitted[10]

The Amended Plan proposes to surrender the Vehicle in full satisfaction of the debt owed to Ford. The Debtor asserts that he is entitled to surrender the Vehicle in full satisfaction pursuant to the "hanging", or as this Court prefers, unnumbered paragraph following section 1325(a). Ford objects to this treatment and asserts that, following the sale of the Vehicle, Ford is entitled to an unsecured claim for any resulting deficiency between the price obtained and the debt owed pursuant to Ford's state law rights, which it asserts are retained.

Section 1325(a) provides that: "For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle...acquired for the personal use of the debtor...." There is no dispute in this case that the debt was incurred in the 910-day period preceding the filing of the petition, that the Vehicle was acquired for personal use and that Ford has a purchase money security interest in the Vehicle.

---

[9] At the Confirmation Hearing, counsel for the Debtor stated that the Debtor had no opposition to the Motion for Relief; however, varying testimony followed suggesting some opposition should relief be granted if the Objection to Claim was not sustained. Because of that, the Court does not rely on the representation that the Debtor has no opposition to the Motion for Relief in its ruling.

[10] The Court is aware that it's holding is inconsistent with the ruling in In re Moon, 359 B.R. 329 (Bankr. N.D. Ala. 2007), which permitted debtor to surrender a 910 vehicle in full satisfaction of the debt. Moon is currently on appeal to the United States District Court for the Northern District of Alabama, CitiFinancial Auto Corp. v. Moon, case no. 07-CV-0429. The Court advised the parties that the issue was already on appeal and that, by having this Court rule, there potentially could be two conflicting opinions within this Division on the matter. Neither party wanted to wait for the outcome of the appeal.

The Court is faced with the question of what claim, if any, does Ford have if section 506 does not apply for confirmation purposes? Specifically, does Ford retain its state law rights to file a deficiency claim or is the Debtor entitled to surrender the Vehicle in full satisfaction of the debt?

The majority of cases, including bankruptcy courts within the Eleventh Circuit, have held that a debtor can surrender a 910 vehicle in full satisfaction of the debt because the unnumbered paragraph prevents bifurcation whether a debtor elects to retain the vehicle or surrender it. See In re Williams, 2007 WL 1500285 (Bankr. M.D. Fla. May 21, 2007); In re Moon, 359 B.R. 329 (Bankr. N.D. Ala. 2007) (on appeal); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla. 2006); Daimlerchrysler Fin. Servs. Ams. LLC v. Quick (In re Quick), 2007 WL 1941749 (10th Cir. BAP (Okla.) July 5, 2007); Capital One Auto Fin. V. Osborn (In re Osborn), 363 B.R. 72 (8th Cir. BAP (Mo.) 2007); In re Pinti, 363 B.R. 369 (Bankr. S.D.N.Y. 2007); In re Kenney, 2007 WL 1412921 (Bankr. E.D. Va. May 10, 2007); In re Durham, 361 B.R. 206 (Bankr. D. Utah 2006); In re Feddersen, 355 B.R. 738 (Bankr. S.D. Ill. 2006); In re Turkowitch, 355 B.R. 120 (Bankr. E.D. Wis. 2006); In re Pool, 351 B.R. 747 (Bankr. D. Or. 2006); In re Nicely, 349 B.R. 600 (Bankr. W.D. Mo. 2006); In re Evans, 349 B.R. 498 (Bankr. E.D. Mich. 2006); In re Payne, 347 B.R. 278 (Bankr. S.D. Ohio 2006); In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006); In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006); In re Gentry, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006); In re Maggett, 2006 WL 3478991 (Bankr. D. Neb. Oct. 19, 2006); In re Bayless, 2006 WL 2982101 (Bankr. E.D. Tenn. Oct. 18, 2006).

A minority of courts, including a recent opinion in the Seventh Circuit in In re Wright, 2007 WL 1892502 (7th Cir. July 3, 2007), have held the opposite finding that creditors in this situation are entitled to an unsecured deficiency balance after surrender of the collateral, unless

the contract itself provides the loan is without recourse against the borrower, which is not the situation in this particular case. See In re Blanco, 363 B.R. 896 (Bankr. N.D. Ill. 2007); In re Clark, 363 B.R. 492 (Bankr. N.D. Miss. 2007); In re Morales, 359 B.R. 211 (Bankr. N.D. Ill. 2007); In re Hoffman, 359 B.R. 163 (Bankr. E.D. Mich. 2006); In re Particka, 355 B.R. 616 (Bankr. E.D. Mich. 2006); In re Zehrung, 351 B.R. 675 (Bankr. W.D. Wis. 2006); In re Duke, 345 B.R. 806 (Bankr. W.D. Ky. 2006). Specifically, the Seventh Circuit, on direct appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(d)(2)(A), upheld the bankruptcy court's findings that creditors who claims are not subject to section 506(a) of the Bankruptcy Code still retain their contract rights. Wright, 2007 WL 1892502. The Wright court held that section 506 "is not the *only* source of authority for a deficiency judgment when the collateral is insufficient." Id. at *3 (emphasis in original). The Wright court's holding was based in part on the inconsistency that would result had the debtors surrendered their vehicle the day before filing for bankruptcy. Id. In that instance, the creditor would be entitled to a deficiency claim for any shortfall. Id. The court could find no reason "why the result should be different if the debtors surrender the collateral the day after filing for bankruptcy." Id. This Court is of the same opinion and finds the "minority" position to be sound. The unnumbered paragraph does not deprive a creditor of its state law rights and to do so might create improper incentives for debtors dealing with 910 creditors pre-petition.

Accordingly, the Court finds that the Debtor's Amended Plan is not confirmable because Ford's claim is not properly provided for in the Amended Plan. The Debtor's proposed surrender of the Vehicle in full satisfaction of the debt deprives Ford of its state law right to a deficiency, unsecured claim to be paid pro rata with other unsecured claims.

Therefore, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Objection to Claim is **MOOT**; and it is further,

**ORDERED, ADJUDGED and DECREED** that the Motion for Relief is **GRANTED**; and it is further,

**ORDERED, ADJUDGED and DECREED** that Ford shall have forty-five days from entry of this Order to file a deficiency claim, if they assert one; and it is further,

**ORDERED, ADJUDGED and DECREED** that confirmation of the Debtor's Amended Plan is **DENIED** without prejudice; and it is further,

**ORDERED, ADJUDGED and DECREED** that Ford's Objection to Confirmation and the Trustee's Objection to Confirmation are **SUSTAINED**; and it is further,

**ORDERED, ADJUDGED and DECREED** that the Debtor may file an amended plan within thirty days of entry of this Order; and it is further,

**ORDERED, ADJUDGED and DECREED** that confirmation is reset for October 18, 2007 at 11:15 A.M.

Dated this the 29th day of August, 2007.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge